IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CORNILIUS DEVONTA PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-054 |
| | ) | |
| SERGEANT FREDDIE DAVIS and | ) | |
| SERGEANT CURMIT WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court issued two orders on October 14 and November 28, 2022, asking Plaintiff to assist the United States Marshal in locating Defendant Davis in order to effect service. (See doc. nos. 14, 15.) In both orders, the Court requested a response from Plaintiff and explained this case may be dismissed for failure to prosecute; and after both orders, Plaintiff did not respond. (See id.) In the November 28th Order, the Court expressly warned Plaintiff that should he fail to respond to that order, Defendant Davis would be dismissed for failure to prosecute and failure to timely effect service. (Doc. no. 14, p. 3.) On December 15, 2022, after Plaintiff's repeated failure to respond to Court orders and participate in his own case, the Court ordered Plaintiff to show cause why this entire case should not also be dismissed for failure to prosecute and warned him failure to respond or show cause will result in dismissal of the entire action. (Doc. no.

16.) Plaintiff did not respond to the Court's Show Cause Order, and his last filing in this case was over two and a half years ago.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to respond to the December 15th Show Cause Order, and his repeated failure to

simply communicate with the Court in any manner, clearly demonstrates a failure to prosecute.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff was warned that noncompliance with the Show Cause Order could result in dismissal of his case.

The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).